UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

KNIGHT FIRST AMENDMENT
INSTITUTE AT COLUMBIA UNIVERSITY
    475 Riverside Drive, Suite 302
    New York, NY 10115

    Plaintiff,

v.

CENTRAL INTELLIGENCE AGENCY
    Washington, DC 20505

DEPARTMENT OF JUSTICE
    950 Pennsylvania Ave., NW
    Washington, DC 20530

NATIONAL SECURITY AGENCY
    Fort George G. Mead
    Maryland 207550-6000

OFFICE OF THE DIRECTOR OF
NATIONAL INTELLIGENCE
    Washington, DC 20511

DEPARTMENT OF STATE
    2201 C St., NW
    Washington, DC 20520

    Defendants.

Civil Action No. __18-2709__

**COMPLAINT FOR INJUNCTIVE RELIEF**

**INTRODUCTION**

1. This lawsuit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, concerns the recent killing of Jamal Khashoggi—a journalist, a U.S. resident, a Saudi national, and a prominent critic of Saudi Arabia's current government—and seeks the immediate release of agency records concerning Defendants' compliance or non-compliance with the "duty to warn" set out in Intelligence Community Directive 191 ("Directive 191").

2. According to news reports, a team dispatched by the Saudi government killed Khashoggi in the Saudi consulate in Istanbul on October 2, 2018. Saudi prosecutors have said that Khashoggi was tied up, injected with an overdose of sedatives (or strangled, according to earlier accounts), and then dismembered. The CIA has reportedly concluded that Saudi Crown Prince Mohammed bin Salman personally ordered Khashoggi's killing.

3. Before the killing, U.S. intelligence agencies apparently intercepted communications in which Saudi officials discussed a plan to capture Khashoggi. It is not publicly known precisely what the agencies learned from these communications, or what steps the agencies took to warn Khashoggi of the threat to him. However, Directive 191 provides that, when an Intelligence Community ("IC") element acquires information indicating an impending threat of intentional killing, serious bodily injury, or kidnapping directed at a person, the element must "warn the intended victim or those responsible for protecting the intended victim, as appropriate." Directive 191 further obligates IC elements to "document and maintain records" on any actions taken pursuant to that duty. Directive 191, § 13.

4. Plaintiff Knight First Amendment Institute at Columbia University submitted FOIA requests on October 19, 2018 to the Central Intelligence Agency ("CIA"), the Federal Bureau of Investigation ("FBI"), the National Security Agency ("NSA"), the Office of the Director of National Intelligence ("ODNI"), and the Department of State ("DOS"). The requests sought records concerning whether the Defendants learned of the threat to Khashoggi before the events of October 2, 2018, what they learned, whether they considered their obligations under Directive 191, and whether they complied with those obligations.

5. Plaintiff has commenced this action because only one of the Defendants has granted its request for expedited processing, and because none of the Defendants has released records in response to the requests.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

8. The Knight First Amendment Institute at Columbia University ("Knight Institute") is a New York not-for-profit corporation based at Columbia University that works to preserve and expand the freedoms of speech and the press through strategic litigation, research, and public education. Public education is essential to the Knight Institute's mission. Obtaining information about government activity, analyzing that information, and publishing and disseminating it to the press and public are among the core activities the Knight Institute was established to conduct. The Knight Institute is a "person" within the meaning of 5 U.S.C. § 551(2)

9. The CIA is an "agency" within the meaning of 5 U.S.C. § 552(f). The CIA has possession and control over some or all of the requested records.

10. The Department of Justice ("DOJ") is an "agency" within the meaning of 5 U.S.C. § 552(f). The FBI is a component of the DOJ. The DOJ and its component the FBI have possession and control over some or all of the requested records.

11. The NSA is an "agency" within the meaning of 5 U.S.C. § 552(f). The NSA has possession and control over some or all of the requested records.

12. The ODNI is an "agency" within the meaning of 5 U.S.C. § 552(f). The ODNI has possession and control over some or all of the requested records.

13. The DOS is an "agency" within the meaning of 5 U.S.C. § 552(f). The DOS has possession and control over some or all of the requested records.

## FACTUAL ALLEGATIONS

### *The FOIA Requests*

14. On October 19, 2018, the Knight Institute submitted FOIA requests to all Defendants seeking records relating to Jamal Khashoggi and the IC's "duty to warn."[1]

15. The requests sought the following documents:

> (1) All procedures or guidance for determining whether to warn, or for delivering a warning to, an intended victim or those responsible for protecting the intended victim, pursuant to Directive 191;
>
> (2) All records concerning the duty to warn under Directive 191 as it relates to Jamal Khashoggi, including any records relating to duty to warn actions taken with respect to him;
>
> (3) All records concerning any "issue aris[ing] among IC elements" regarding a determination to warn Jamal Khashoggi or waive the duty to warn requirement, or regarding the method for communicating threat information to him. See Directive 191, § G.1.

16. The request submitted to ODNI also sought the following documents:

> (4) All records relating to any dispute referred to the DNI regarding a determination to warn Jamal Khashoggi or waive the duty to warn requirement, or regarding the method for communicating threat information to him. See Directive 191, § G.2.

17. The Knight Institute requested expedited processing of the requests on the ground that it is an organization "primarily engaged in disseminating information" and there is a "compelling need" for the records sought because they contain information "urgent[ly]" needed to

---

[1] True and correct copies of these requests are attached hereto as Exhibit A.

"inform the public concerning actual or alleged Federal Government Activity." 5 U.S.C. § 552(a)(6)(E)(v)(II).

18. The Knight Institute requested a waiver of document search, review, and duplication fees on the grounds that (a) disclosure of the requested records is in the public interest and is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester," 5 U.S.C. § 552(a)(4)(A)(iii); (b) the Knight Institute is a "representative of the news media" within the meaning of FOIA and the records are not sought for commercial use, 5 U.S.C. § 552(a)(4)(A)(ii)(II); and (c) the Knight Institute is an "educational . . . institution" whose purposes include "scholarly . . . research" and the records are not sought for commercial use, 5 U.S.C. § 552(a)(4)(A)(ii)(II).

*Agency Responses*

19. By letter dated October 23, 2018, the ODNI acknowledged receipt of the Knight Institute's request to it and assigned it reference number DF-2019-0032. The ODNI denied the Knight Institute's request for expedited processing but granted the Knight Institute's request for a fee waiver. The Knight Institute submitted an administrative appeal to the ODNI challenging the agency's denial of expedited processing on November 2, 2018, but has yet to receive a decision. To date, the ODNI has not released any records responsive to the Knight Institute's request.

20. By letter dated October 26, 2018, the CIA acknowledged receipt of the Knight Institute's request and assigned it reference number F-2019-00158. The CIA denied the Knight Institute's request for expedited processing but granted the Knight Institute's request for a fee waiver. The Knight Institute submitted an administrative appeal to the CIA challenging the

agency's denial of expedited processing on November 2, 2018, but has yet to receive a decision. To date, the CIA has not released any records responsive to the Knight Institute's request.

21. By letters dated October 30, 2018, the FBI acknowledged receipt of the Knight Institute's request and assigned it reference number 1420624-000. The FBI denied the Knight Institute's request for expedited processing and stated that it had not reached a decision regarding the Knight Institute's request for a fee waiver.

22. On November 2, 2018, the Knight Institute submitted an administrative appeal to the DOJ Office of Information Policy ("OIP") challenging the FBI's denial of expedited processing. By letter dated November 9, 2018, the OIP affirmed that denial. To date, the FBI has not released any records responsive to the Knight Institute's request.

23. By letter dated October 31, 2018, the DOS acknowledged receipt of the Knight Institute's request and assigned it reference number F-2019-00752. The DOS granted the Knight Institute's request for expedited processing and a fee waiver. To date, the DOS has not released any records responsive to the Knight Institute's request.

24. By letter dated November 8, 2018, the NSA acknowledged receipt of the Knight Institute's request and assigned it reference number 105522. The NSA denied the Knight Institute's request for expedited processing but did not address the Knight Institute's request for a fee waiver. To date, the NSA has not released any records responsive to the Knight Institute's request.

## CAUSES OF ACTION

25. Defendants' failure to make records responsive to Plaintiff's requests promptly available violates FOIA, 5 U.S.C. § 552(a)(3)(A), and Defendants' corresponding regulations.

26. Defendants' failure to process Plaintiff's requests as soon as practicable violates FOIA, 5 U.S.C. § 552(a)(6)(E)(iii), and Defendants' corresponding regulations.

27. The failure of Defendants CIA, DOJ, NSA, and ODNI to grant Plaintiff's request for expedited processing violates FOIA, 5 U.S.C. § 552(a)(6)(E), and Defendants' corresponding regulations.

28. Defendant DOJ's and Defendant NSA's failure to grant Plaintiff's request for a waiver of search, review, and duplication fees violates FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II), (iii), and Defendants' corresponding regulations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Order Defendants to conduct a thorough search for records responsive to Plaintiff's requests;

B. Order Defendants immediately to process any responsive records for release;

C. Enjoin Defendants from charging Plaintiff search, review, and duplication fees relating to the requests;

D. Award Plaintiff its reasonable costs and attorney's fees incurred in this action; and

E. Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Jameel Jaffer
Jameel Jaffer (MI0067)
Ramya Krishnan
Alex Abdo
Adi Kamdar (application for bar admission pending)
Knight First Amendment Institute
  at Columbia University

475 Riverside Drive, Suite 302  
New York, NY 10115  
(646) 745-8500  
jameel.jaffer@knightcolumbia.org

*Counsel for the plaintiff*

November 20, 2018