# EXHIBIT B
# TO
# AMENDED
# COMPLAINT


Committee to Protect Journalists

To Whom It May Concern:

The Committee to Protect Journalists ("CPJ") submits this request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for records relating to the journalist Jamal Khashoggi. CPJ seeks the same documents requested by the Knight First Amendment Institute at Columbia University ("Knight Institute") on October 19, 2018. The Knight Institute's request is attached as Exhibit A.

CPJ requests expedited processing for the same reasons laid out in the Knight Institute's request.

CPJ requests a waiver of document search, review, and duplication fees on the grounds that (a) disclosure of the requested records is in the public interest and is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester," 5 U.S.C. § 552(a)(4)(A)(iii), and (b) CPJ is a "representative of the news media" within the meaning of FOIA and the records are not sought for commercial use, 5 U.S.C. § 552(a)(4)(A)(ii)(II).

330 7th Avenue, 11th Floor
New York, NY 10001 USA
PHONE: +1 (212) 465-1004
FAX: +1 (212) 465-9568
info@cpj.org

www.cpj.org

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY<br>    475 Riverside Drive, Suite 302<br>    New York, NY 10115<br><br>PlaintiffCOMMITTEE TO PROTECT JOURNALISTS<br>    330 7th Avenue, 11th Floor<br>    New York, NY 10001<br><br>        Plaintiffs,<br><br>    v.<br><br>CENTRAL INTELLIGENCE AGENCY<br>    Washington, DC 20505<br><br>DEPARTMENT OF JUSTICE<br>    950 Pennsylvania Ave., NW<br>    Washington, DC 20530<br><br>NATIONAL SECURITY AGENCY<br>    Fort George G. MeadMeade, Maryland 2075520755-6000<br><br>OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE<br>    Washington, DC 20511<br><br>DEPARTMENT OF STATE<br>    2201 C St., NW<br>    Washington, DC 20520<br><br>        Defendants. | Civil Action No. ————18-2709-TNM |

**AMENDED COMPLAINT FOR INJUNCTIVE RELIEF**

**INTRODUCTION**

1.      This lawsuit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, concerns the recent killing of Jamal Khashoggi—a journalist, a U.S. resident, a Saudi national, and

1

a prominent critic of Saudi Arabia's current government—and seeks the immediate release of agency records concerning Defendants' compliance or non-compliance with the "duty to warn" set out in Intelligence Community Directive 191 ("Directive 191").

2. According to news reports, a team dispatched by the Saudi government killed Khashoggi in the Saudi consulate in Istanbul on October 2, 2018. Saudi prosecutors have said that Khashoggi was tied up, injected with an overdose of sedatives (or strangled, according to earlier accounts), and then dismembered. The CIA has reportedly concluded that Saudi Crown Prince Mohammed bin Salman personally ordered Khashoggi's killing.

3. Before the killing, U.S. intelligence agencies ~~apparently~~ reportedly intercepted communications in which Saudi officials discussed a plan to capture Khashoggi. It is not publicly known precisely what the agencies learned from these communications, or what steps, if any, the agencies took to warn Khashoggi of the threat to him. However, Directive 191 provides that, when an Intelligence Community ("IC") element acquires information indicating an impending threat of intentional killing, serious bodily injury, or kidnapping directed at a person, the element must "warn the intended victim or those responsible for protecting the intended victim, as appropriate." Directive 191 further obligates IC elements to "document and maintain records" on any actions taken pursuant to that duty. Directive 191, § F.13.

4. ~~Plaintiff Knight First Amendment Institute at Columbia University~~To learn whether the Intelligence Community complied with its duty to warn, Plaintiffs submitted FOIA requests ~~on October 19, 2018~~ to the Central Intelligence Agency ("CIA"), the Federal Bureau of Investigation ("FBI"), the National Security Agency ("NSA"), the Office of the Director of National Intelligence ("ODNI"), and the Department of State ("DOS~~"). The requests sought~~"), seeking records concerning whether the ~~Defendants~~agencies learned of the threat to Khashoggi

2

before the events of October 2, 2018, what they learned, whether they considered their obligations under Directive 191, and whether ~~they complied with those obligations.~~ and how they complied with those obligations. Plaintiff Knight First Amendment Institute at Columbia University submitted its FOIA requests on October 19, 2018, and Plaintiff Committee to Protect Journalists submitted substantively identical requests to the same agencies on November 20, 2018.

5.      ~~Plaintiff has~~Plaintiffs have commenced this action because only one of the Defendants has granted ~~its~~a request for expedited processing, and because none of the Defendants has released records in response to the requests.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

8.      The Knight First Amendment Institute at Columbia University ("Knight Institute") is a New York not-for-profit corporation based at Columbia University that works to preserve and expand the freedoms of speech and the press through strategic litigation, research, and public education. Public education is essential to the Knight Institute's mission. Obtaining information about government activity, analyzing that information, and publishing and disseminating it to the press and public are among the core activities the Knight Institute was established to conduct. The Knight Institute is a "person" within the meaning of 5 U.S.C. § 551(2~~)~~).

9.      The Committee to Protect Journalists ("CPJ") is an independent, nonprofit organization that promotes press freedom worldwide. CPJ defends the right of journalists to report the news without fear of reprisal. CPJ regularly publishes news articles and special reports on

journalists who are attacked, imprisoned, or killed. CPJ is a "person" within the meaning of 5 U.S.C. § 551(2).

~~9.~~10.   The CIA is an "agency" within the meaning of 5 U.S.C. § 552(f). The CIA has possession and control over some or all of the requested records.

~~10.~~11.   The Department of Justice ("DOJ") is an "agency" within the meaning of 5 U.S.C. § 552(f). The FBI is a component of the DOJ. The DOJ and its component the FBI have possession and control over some or all of the requested records.

~~11.~~12.   The NSA is an "agency" within the meaning of 5 U.S.C. § 552(f). The NSA has possession and control over some or all of the requested records.

~~12.~~13.   The ODNI is an "agency" within the meaning of 5 U.S.C. § 552(f). The ODNI has possession and control over some or all of the requested records.

~~13.~~14.   The DOS is an "agency" within the meaning of 5 U.S.C. § 552(f). The DOS has possession and control over some or all of the requested records.

**FACTUAL ALLEGATIONS**

*The FOIA Requests*

~~14.~~15. On October 19, 2018, the Knight Institute submitted FOIA requests to ~~all Defendants~~the CIA, the FBI, the NSA, the ODNI, and the DOS, seeking records relating to Jamal Khashoggi and the IC's "duty to warn."[1] Directive 191.

16.   On November 20, 2018, CPJ submitted substantially identical requests to the same agencies.[2]

~~15.~~17. The requests sought the following documents:

---

[1] True and correct copies of these requests are attached hereto as Exhibit A.

[2] CPJ sent a form letter to each agency seeking "the same documents requested by the [Knight Institute] on October 19, 2018" and attaching as an exhibit the pertinent Knight Institute request. A true and correct copy of the form letter is attached hereto as Exhibit B.

(1) All procedures or guidance for determining whether to warn, or for delivering a warning to, an intended victim or those responsible for protecting the intended victim, pursuant to Directive 191;

(2) All records concerning the duty to warn under Directive 191 as it relates to Jamal Khashoggi, including any records relating to duty to warn actions taken with respect to him;

(3) All records concerning any "issue aris[ing] among IC elements" regarding a determination to warn Jamal Khashoggi or waive the duty to warn requirement, or regarding the method for communicating threat information to him. *See* Directive 191, § G.1.

~~16.~~18. The request submitted to ODNI also sought the following documents:

(4) All records relating to any dispute referred to the DNI regarding a determination to warn Jamal Khashoggi or waive the duty to warn requirement, or regarding the method for communicating threat information to him. *See* Directive 191, § G.2.

~~17.~~19. ~~The Knight Institute~~Plaintiffs requested expedited processing of the requests on the ground that ~~it is an organization~~they are organizations "primarily engaged in disseminating information" and there is a "compelling need" for the records sought because they contain information "urgent[ly]" needed to "inform the public concerning actual or alleged Federal Government Activity." 5 U.S.C. § 552(a)(6)(E)(v)(II).

~~18.~~20.  The Knight Institute requested a waiver of document search, review, and duplication fees on the grounds that (a) disclosure of the requested records is in the public interest and is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester," 5 U.S.C. § 552(a)(4)(A)(iii); (b) the Knight Institute is a "representative of the news media" within the meaning of FOIA and the records are not sought for commercial use, 5 U.S.C. § 552(a)(4)(A)(ii)(II); and (c) the Knight Institute is an "educational . . . institution" whose

5

purposes include "scholarly . . . research" and the records are not sought for commercial use, 5 U.S.C. § 552(a)(4)(A)(ii)(II).

21.    CPJ also requested a waiver of document search, review, and duplication fees on the grounds that (a) disclosure of the requested records is in the public interest and is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester," 5 U.S.C. § 552(a)(4)(A)(iii), and (b) CPJ is a "representative of the news media" within the meaning of FOIA and the records are not sought for commercial use, 5 U.S.C. § 552(a)(4)(A)(ii)(II).

### *Agency Responses*

~~19.~~22.  By letter dated October 23, 2018, the ODNI acknowledged receipt of the Knight Institute's request to it and assigned it reference number DF-2019-0032. The ODNI denied the Knight Institute's request for expedited processing but granted the Knight Institute's request for a fee waiver. ~~The~~On November 2, 2018, the Knight Institute submitted an administrative appeal to the ODNI challenging the agency's denial of expedited processing ~~on November 2, 2018~~, but it has yet to receive a decision. To date, the ODNI has not released any records responsive to the Knight Institute's request.

~~20.~~23.  By letter dated October 26, 2018, the CIA acknowledged receipt of the Knight Institute's request and assigned it reference number F-2019-00158. The CIA denied the Knight Institute's request for expedited processing but granted the Knight Institute's request for a fee waiver. ~~The~~On November 2, 2018, the Knight Institute submitted an administrative appeal to the CIA challenging the agency's denial of expedited processing on November 2, 2018, but it has yet to receive a decision. To date, the CIA has not released any records responsive to the Knight Institute's request.

~~21.~~24.  By ~~letters~~email dated October ~~30~~19, 2018, the FBI acknowledged receipt of the Knight Institute's request ~~and~~. By letters dated October 30, 2018, the FBI assigned ~~it~~ the Knight Institute's request reference number 1420624-000~~. The FBI~~, denied the Knight Institute's request for expedited processing, and stated that it had not reached a decision regarding the Knight Institute's request for a fee waiver.

~~22.~~25.  On November 2, 2018, the Knight Institute submitted an administrative appeal to the DOJ Office of Information Policy ("OIP") challenging the FBI's denial of expedited processing. By letter dated November 9, 2018, the OIP affirmed that denial. To date, the FBI has not released any records responsive to the Knight Institute's request.

~~23.~~26.  By letter dated October 31, 2018, the DOS acknowledged receipt of the Knight Institute's request and assigned it reference number F-2019-00752. The DOS granted the Knight Institute's request for expedited processing and a fee waiver. To date, the DOS has not released any records responsive to the Knight Institute's request.

~~24.~~27.  By letter dated November 8, 2018, the NSA acknowledged receipt of the Knight Institute's request and assigned it reference number 105522. The NSA denied the Knight Institute's request for expedited processing but did not address the Knight Institute's request for a fee waiver. To date, the NSA has not released any records responsive to the Knight Institute's request.

28.  By email dated November 20, 2018, the FBI acknowledged receipt of CPJ's request. By letters dated November 28, 2018, the FBI assigned CPJ's request reference number 1422759-000, denied CPJ's request for expedited processing, and stated that it had not reached a decision regarding CPJ's request for a fee waiver. To date, the FBI has not released any records responsive to CPJ's request.

29. By email dated November 21, 2018, the ODNI acknowledged receipt of CPJ's request and assigned it reference number DF-2019-00066. The ODNI denied CPJ's request for expedited processing but granted CPJ's request for a fee waiver. To date, the ODNI has not released any records responsive to CPJ's request.

30. By letter dated November 28, 2018, the CIA acknowledged receipt of CPJ's request on November 21, 2018 and assigned it reference number F-2019-00522. The CIA denied CPJ's request for expedited processing and granted CPJ's request for a fee waiver. To date, the CIA has not released any records responsive to CPJ's request.

31. According to tracking information on the request sent to the NSA, that agency received CPJ's requests on November 21, 2018. By email dated November 29, 2018, the NSA acknowledged CPJ's request but did not address CPJ's requests for expedited processing and for a fee waiver. To date, the NSA has not released any records responsive to CPJ's request.

32. According to tracking information on the request sent to the DOS, that agency received CPJ's requests on November 21, 2018. To date, the DOS has not acknowledged receipt of CPJ's requests, has not addressed CPJ's requests for expedited processing and for a fee waiver, and has not released any records responsive to CPJ's requests.

33. By the date of this filing, twenty or more working days have passed since each agency first received the Knight Institute's and CPJ's requests.

34. Plaintiffs have exhausted all applicable administrative remedies.

## CAUSES OF ACTION

35. Plaintiffs repeat, re-allege, and incorporate the foregoing paragraphs as if set forth in full.

36.   Defendants' failure to make ~~records responsive to Plaintiff's~~and communicate a determination whether to comply with Plaintiffs' requests within the statutory time limit violates FOIA, 5 U.S.C. § 552(a)(6)(A)(i), and Defendants' corresponding regulations.

~~25.~~37.  Defendants' failure to promptly make available records responsive to Plaintiffs' requests violates FOIA, 5 U.S.C. § 552(a)(3)(A), and Defendants' corresponding regulations.

~~26.~~38.  Defendants' failure to process ~~Plaintiff's~~Plaintiffs' requests as soon as practicable violates FOIA, 5 U.S.C. § 552(a)(6)(E)(iii), and Defendants' corresponding regulations.

~~27.~~39.  The failure of Defendants CIA, DOJ, NSA, and ODNI to grant ~~Plaintiff's~~the Knight Institute's request for expedited processing violates FOIA, 5 U.S.C. § 552(a)(6)(E), and Defendants' corresponding regulations.

40.   ~~Defendant DOJ's and Defendant NSA's failure to grant Plaintiff's~~The failure of all Defendants to grant CPJ's request for expedited processing violates FOIA, 5 U.S.C. § 552(a)(6)(E), and Defendants' corresponding regulations.

41.   The failure of Defendants DOJ and NSA to grant the Knight Institute's request for a waiver of search, review, and duplication fees violates FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II), (iii), and Defendants' corresponding regulations.

~~28.~~42.  The failure of Defendants DOJ, DOS, and NSA to grant CPJ's request for a waiver of search, review, and duplication fees violates FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II), (iii), and Defendants' corresponding regulations.

**PRAYER FOR RELIEF**

WHEREFORE, ~~Plaintiff~~Plaintiffs respectfully ~~requests~~request that this Court:

A.   Order Defendants to conduct a thorough search for records responsive to ~~Plaintiff's~~Plaintiffs' requests;

9

B.   Order Defendants immediately to process any responsive records for release, and to release them to both Plaintiffs;

C.   Enjoin Defendants from charging ~~Plaintiff~~Plaintiffs search, review, and duplication fees relating to ~~the~~Plaintiffs' requests;

D.   Award ~~Plaintiff its~~Plaintiffs their reasonable costs and attorney's fees incurred in this action; and

E.   Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

~~Respectfully submitted,~~

/s/ Jameel Jaffer
Jameel Jaffer (MI0067)
Ramya Krishnan (admitted *pro hac vice*)
~~Alex Abdo~~
Adi Kamdar (application for ~~bar~~*pro hac vice*
  admission ~~pending~~to be filed soon)
Alex Abdo (admitted *pro hac vice*)
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
~~jameel.jaffer~~ramya.krishnan@knightcolumbia.org

*Counsel for ~~the plaintiff~~Plaintiff Knight First Amendment Institute at Columbia University*

Timothy K. Beeken (NY0083)
Jeremy Feigelson (application for *pro hac vice*
  admission to be filed soon)
Alexandra P. Swain (application for *pro hac vice*
  admission to be filed soon)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue

10

New York, NY 10022
(212) 909-6000
jfeigels@debevoise.com

*Counsel for Plaintiff Committee to Protect Journalists*

January 17, 2019

~~November 20, 2018~~

11