UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA and COMMITTEE TO PROTECT JOURNALISTS, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civ. A. No. 1:18-cv-02709 (TNM) |
| CENTRAL INTELLIGENCE AGENCY, *et al.*, | ) ) |
| Defendants. | ) ) ) |

## **DECLARATION OF DAVID M. HARDY**

I, David M. Hardy, declare as follows:

(1)     I am the Section Chief of the Record/Information Dissemination Section

("RIDS"), Information Management Division ("RMD"), in Winchester, Virginia. I have held

this position since August 1, 2002. Prior to my joining the Federal Bureau of Investigation

("FBI"), from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the

Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act

("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to

April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked

with FOIA matters. I am also an attorney who has been licensed to practice law in the State of

Texas since 1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 245

FBI employees, supported by approximately 75 contractors, who staff a total of twelve (12) FBI

Headquarters ("FBIHQ") units and two (2) field operational service center units whose collective

mission is to effectively plan, develop, direct, and manage responses to requests for access to

1

FBI records and information pursuant to the FOIA as amended by the OPEN Government Act of 2007, the OPEN FOIA Act of 2009, and the FOIA Improvement Act of 2016; the Privacy Act of 1974; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives.  My responsibilities also include the review of FBI information for classification purposes as mandated by Executive Order ("E.O.") 13526,[1] and the preparation of declarations in support of Exemption 1 claims under the FOIA.   I have been designated by the Attorney General of the United States as an original classification authority and a declassification authority pursuant to Executive Order 13526, §§ 1.3 and 3.1.  The statements contained in this declaration are based on my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. §552a.  Specifically, I am aware of the FBI's handling of Plaintiffs' three-part FOIA requests to FBIHQ, seeking access to records concerning the duty to warn under Directive 191 and the late Jamal Khashoggi.  This declaration is being submitted in support of Defendant FBI's Motion for Summary Judgment.

## **PLAINTIFFS' FOIA REQUESTS**

(4)     By FBI eFOIA[2] communication dated October 19, 2018, Ms. Adi Kamdar on behalf of Plaintiff, Knight First Amendment Institute at Columbia University ("Knight First"), submitted a FOIA request to the FBI seeking:

---

[1]  75 Fed. Reg. 707 (2010).

[2]  FBI eFOIA is an electronic FOIA format that allows requesters to submit requests on non-first party or third party requests with privacy waivers (these requests must be emailed,

1. All procedures or guidance for determining whether to warn, or for delivering a warning to, an intended victim or those responsible for protecting the intended victim, pursuant to Directive 191;

2. All records concerning the duty to warn under Directive 191 as it relates to Jamal Khashoggi, including any records relating to duty to warn actions taken with respect to him.[3]

3. All records concerning any "issue aris[ing] among IC elements" regarding a determination to warn Jamal Khashoggi or waive the duty to warn requirement, or regarding the method for communicating threat information to Jamal Khashoggi. See Directive 191, § G.1.

In addition, Knight First requested expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and a waiver of document search, review and duplication fees.

(5)    By FBI eFOIA communication dated November 20, 2018, Ms. Avi Asher-Schapiro on behalf of Plaintiff, Committee to Protect Journalists ("CPJ"), submitted a FOIA request to the FBI seeking the same documents requested by the Knight First on October 19, 2018. In addition, Ms. Asher-Schapiro requested expedited processing for the same reasons laid out by Knight First, as well as a waiver of search, review and duplication fees.

(6)    Plaintiffs' request letters included two distinct subjects – records about procedures and guidelines (Item 1) and records concerning Jamal Khashoggi (Items 2 and 3). Part I of this declaration addresses the administrative history of Plaintiffs' FOIA requests, including FBI's

---

faxed, or mailed) FOIA topics of interest to requesters through the FBI eFOIA portal instead of via e-mail, fax, or mail. The FBI response correspondence will be emailed to a valid email address provided by the requester.

[3] "Duty to warn actions" include but are not limited to senior officer reviews of threat information and determinations; justifications not to warn the intended victim based on waiver criteria; coordination with other IC elements (such as the Central Intelligence Agency) to determine how best to pass threat information to the intended victim; and communication of threat information to another IC element or U.S. government agency for delivery to the intended victim. See Directive 191, § F.13.

final production in response to Item 1 of the requests, and Part II of this declaration addresses the

FBI's *Glomar* response to Items 2 and 3 of the requests.

\*\*\*

## PART I:
## ADMINISTRATIVE HISTORY OF
## FOIPA REQUEST NUMBERS 1420624-000 and 1422759-000

(7)     As previously noted in ¶ 4, *supra*, Plaintiff, Knight First's October 19, 2019

request sought inter alia, "[a]ll procedures or guidance for determining whether to warn, or for

delivering a warning to, an intended victim or those responsible for protecting the intended

victim, pursuant to Directive 191."

(8)     By letter dated October 30, 2018, the FBI acknowledged receipt of Knight First's

FOIA request and assigned it FOIPA Request Number 1420624-000.

(9)     By separate letter also dated October 30, 2018, the FBI advised Knight First that

its request for expedited processing was denied because it did not provide enough information

concerning the statutory requirements permitting expedition.

(10)     By submission through OIP's eFOIA portal on November 2, 2018, Knight First

appealed the FBI's denial of expedited processing of FOIPA Request No. 1422759-000.  The

appeal was assigned Appeal Number DOJ-AP-2019-000627.

(11)     By letter dated November 9, 2018, OIP affirmed the FBI's determination to deny

Knight First's request for expedited treatment.

(12)     On November 20, 2018, Knight First filed its complaint in the instant action.  (*See*

**Docket Number 1**.)

(13)     As previously noted in ¶ 5, *supra*, Plaintiff, CPJ's November 20, 2018, request

sought, inter alia, "[a]ll procedures or guidance for determining whether to warn, or for

4

delivering a warning to, an intended victim or those responsible for protecting the intended victim, pursuant to Directive 191."

(14)     By letter dated November 28, 2018, the FBI acknowledged receipt of CPJ's FOIA request and assigned it FOIPA Request Number 1422759-000. (*See* **Exhibit A**.)

(15)     By separate letter also dated November 28, 2018, the FBI advised CPJ that its request for expedited processing was denied because it did not provide enough information concerning the statutory requirements permitting expedition. (*See* **Exhibit B**.)

(16)     On January 17, 2019, Knight First filed an Amended Complaint to add CPJ as a Co-Plaintiff in the instant action. (*See* Docket Number 17.)

(17)     FBI identified and searched all FBI components that were likely to possess records responsive to Part 1 of the FOIA request, and used search methods that were reasonably likely to identify all responsive FBI records.

(18)     By letter dated March 29, 2019, the FBI responded to Plaintiffs' Requests. Concerning Item 1 of their requests, the FBI advised Plaintiffs it reviewed 33 responsive pages and 32 pages were being released in full or in part, with certain information withheld pursuant to FOIA Exemptions (b)(1), (b)(3), (b)(6), (b)(7)(C) and (b)(7)(E). Concerning Items 2 and 3 of their requests, the FBI provided Plaintiffs a *Glomar* response advising it cannot confirm or deny the existence of any records about the subject of their requests as the mere acknowledgement of such records existence or nonexistence would in and of itself trigger harm to national security interests per Exemption (b)(1) and/or reveal intelligence sources and methods per Exemption (b)(3); 50 U.S.C. § 3024(i)(1). (*See* **Exhibit C**.)

(19)    By letter dated May 14, 2019, the FBI made a supplemental release of Bates-numbered page FBI 18-cv-02709-5 to Plaintiffs, as it had determined upon further review that additional information was able to be segregated for release on this page. (*See* **Exhibit D.**)

(20)    I understand that remaining Plaintiff CPJ is not challenging any aspect of FBI's response to Part 1 of its request.

(21)    On July 18, 2019, Knight First filed a Stipulation of Dismissal without prejudice to document its intent to withdrawal as a party in the instant civil action. Accordingly, the remainder of this declaration addresses only FBI's response to remaining Plaintiff CPJ.

**\*\*\***
## PART II:
### FBI'S *GLOMAR* RESPONSE AS TO ITEMS 2 AND 3 – DOCUMENTS CONCERNING JAMAL KHASHOGGI

(22)    The FBI relies on a *Glomar* response in instances in which, assuming that responsive records existed, even acknowledging their existence would result in harm protected against by one or more FOIA exemptions.[4]  To be credible and effective, the FBI must maintain a *Glomar* response in all similar cases regardless of whether or not responsive records actually exist, including instances in which the FBI does not possess records responsive to a particular request.  If the FBI were to invoke a *Glomar* response only when it actually possessed responsive records, then the invocation would be interpreted as an admission responsive records exist.

(23)    In an effort to carry its responsibilities as fully integrated, intelligence-driven national security organization, the FBI must consistently provide "*Glomar*" responses neither confirming nor denying the existence of records pertaining to intelligence sources, methods and

---

[4] The phrase "*Glomar*" stems from a case in which a FOIA requester sought information concerning a ship named the "Hughes Glomar Explorer," and the CIA refused to confirm or deny its relationship with the Glomar vessel because to do so would compromise the national security of divulge intelligence sources and methods. *Phillipi v. CIA*, 655 F 2d. 1325 (D.C. Cir. 1981).

activities.  Acknowledgement of the existence or lack thereof of these types of records on a

particular subject, could lead interested parties to deduce information about classified national

security investigations and intelligence activities, sources and methods.

(24)     For reasons explained at greater length below, the FBI's *Glomar* response here is

justified because revealing the existence or non-existence of responsive records:

> (a) is classified in the interest of national security, *see* 5 U.S.C. § 552(b)(1); and
>
> (b) would risk disclosure of information protected by statute specifically the National Security Act of 1947, *see id* § 552(b)(3).

## FOIA EXEMPTION (b)(1)

(25)     Exemption 1 protects records that are: "(A) specifically authorized under criteria

established by an Executive order to be kept secret in the interest of national defense or foreign

policy and (B) are in fact properly classified pursuant to such Executive order."  5 U.S.C. §

552(b)(1).  Executive Order 13526 currently governs classification.  It provides for the protection

of intelligence activities, sources and methods.  Executive Order 13526 § 1.4(c).

(26)     Executive Order 13526 establishes four requirements for classification:  (1) an

original classification authority classifies the information; (2) the U.S. Government owns,

produces, or controls the information; (3) the information is within one of eight protected

categories listed in section 1.4 of the Order; and (4) the original classification authority

determines that the unauthorized disclosure of the information reasonably could be expected to

result in damage to the national security, and identifies or describes that damage.  Exec. Order

No. 13526 § 1.1(a), 75 Fed. Reg. 707, 707 (Dec. 29, 2009).

(27)     The categories of information listed in section 1.4 include information that

"pertains to . . . intelligence activities" or "intelligence sources or methods."  *Id.* § 1.4(c).

7

(28)    Executive Order 13526 further provides that "[a]n agency may refuse to confirm or deny the existence or nonexistence of requested records whenever the fact of their existence or nonexistence is itself classified under this order or its predecessors." *Id.* § 3.6(a).

(29)    I have determined that the fact of the existence or non-existence of records responsive to Plaintiff's FOIA request is classified; acknowledging whether or not records exist would tend to confirm or disprove the use of a specific intelligence method to collect information concerning Jamal Khashoggi.

(30)    Any records responsive to Plaintiff's request concerning the duty to warn Jamal Khashoggi under Directive 191, would necessarily be held by the FBI, and would therefore be "under the control of the United States Government." *Id.* § 1.1(a)(2).

(31)    The existence or non-existence of such records also "pertains to . . . intelligence activities" or "intelligence sources or methods." *Id.* § 1.4(c). An intelligence activity or method includes any intelligence action or technique utilized by the FBI against a targeted individual or organization that has been determined to be of national security interest, and includes any procedure (human or non-human) utilized to obtain information concerning such individual or organization. An intelligence activity or method has two characteristics. First, the intelligence activity or method, and information generated by it, is needed by United States Intelligence/Counterintelligence agencies to carry out their missions. Second, confidentiality must be maintained with respect to the use or non-use of the activity or method, including intelligence sources, if the viability, productivity, and usefulness of the activity, method, and source are to be preserved.

(32)    Intelligence activities, methods, and sources must be protected from disclosure in every situation in which a certain intelligence capability, technique, or interest—or its specific

8

use—is unknown to the groups against which it is deployed, since those groups could take countermeasures to nullify its effectiveness. Intelligence activities, methods, and sources are valuable only so long as they and/or their use under particular circumstances or against particular targets remains unknown and unsuspected. Once the fact of an intelligence activity, method, or source's use or non-use in a certain situation or against a certain target is discovered, its continued successful use is seriously jeopardized.

(33)     The U.S. Government must do more than prevent explicit references to an intelligence activity, method, or source; it must also prevent indirect references to them. One vehicle for gathering information about the U.S. Government's capabilities is by reviewing officially-released information. We know that terrorist organizations and other hostile or Foreign Intelligence groups have the capacity and ability to gather information from myriad sources, analyze it, and deduce means and methods from disparate details to defeat the U.S. Government's collection efforts. Thus, even seemingly innocuous, indirect references to an intelligence activity, source, or method could have significant adverse effects when juxtaposed with other publicly-available data.

(34)     Here, acknowledging the existence or non-existence of records responsive to Plaintiff's request could tend to confirm or refute the FBI's acquisition and reliance on a particular intelligence activity, source, or method. Such an acknowledgement could suggest non-public information regarding the nature of the FBI's intelligence interests, priorities, activities, and methods—information that is desired by adversaries who seek to thwart the FBI's intelligence-gathering mission. Accordingly, to confirm or deny that the FBI possesses records responsive to Plaintiff's request could risk compromising intelligence activities and methods, and thus would pose at least a serious risk to the national security.

(35)     Thus, a *Glomar* response as to Items 2 and 3 of the FOIA request is necessary because confirming or denying the issuance of a warning as it relates to Directive 191, in relation to a specific subject (*i.e.*, Mr. Khashoggi) would indicate that the FBI had in fact collected or acquired—or not collected or acquired—prerequisite intelligence related to the threat to Mr. Khashoggi in the time period directly preceding his death.  Merely acknowledging the existence or non-existence of records related to a potential or actual warning to Mr. Khashoggi, would, at minimum, tend to confirm or deny the FBI and/or IC's collection or acquisition of intelligence indicating one or more specific credible threats. Acknowledging this collection of intelligence would, in turn, tend to reveal the FBI and/or IC's specific intelligence interests and collection capabilities. Conversely, confirmation that the FBI lacks any records responsive to Items 2 and 3 would, at minimum, tend to reveal the FBI and/or IC's limitations in regard to this specific subject matter.  Information about the gaps in the FBI and/or IC's intelligence interests and collection capabilities is of great interest to the U.S. Government's adversaries, who can use such information to, for example, exploit tactics they have used in successfully avoiding detection.

(36)     The FBI has not made any official public disclosures confirming or denying whether or not it collected or acquired credible and specific information indicating an impending threat of intentional killing, serious bodily injury, or kidnapping directed at Jamal Khashoggi, or whether Khashoggi was or was not warned of such a threat pursuant to Directive 191.

(37)     I have reviewed Plaintiff's characterization of news reporting represented in the First Amended Complaint, and I nonetheless maintain my assessment regarding the serious harm to national security that would result if the FBI confirmed the existence or non-existence of records responsive to Parts 2 and 3 of Plaintiff's request.

(38)     The determination that the existence or nonexistence of the requested records is classified has not been made to conceal violations of law, inefficiency, or administrative error; to prevent embarrassment to a person, organization, or agency; to restrain competition; or to prevent or delay the release of information that does not require protection in the interests of national security.

## FOIA EXEMPTION (b)(3)

(39)     Exemption (b)(3) protects information "specifically exempted from disclosure by statute" where the statute "establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3)(B). Here, the statute on which the FBI relies is the National Security Act of 1947, as amended, which provides that the Director of National Intelligence ("DNI") "shall protect intelligence sources and methods from unauthorized disclosure." 50 U.S.C. § 3024(i)(1).

(40)     As relevant to the FBI's assertion of Exemption (b)(3), the National Security Act of 1947 was enacted before the date of enactment of the OPEN FOIA Act of 2009. On its face, this federal statute leaves no discretion to agencies about withholding from the public information about intelligence sources and methods. Thus, the protection afforded to intelligence sources and methods by 50 U.S.C. § 3024(i)(1) is absolute.

(41)     In order to fulfill its obligation of protecting intelligence sources and methods, the DNI is authorized to establish and implement guidelines for the Intelligence Community ("IC") for the classification of information under applicable laws, Executive Orders, or other Presidential Directives, and for access to and dissemination of intelligence. 50 U.S.C. § 3024(i)(1). The FBI is one of the member agencies comprising the IC, and as such must protect intelligence sources and methods.

(42)     Disclosure of intelligence sources and methods information presents the potential for adversaries to develop and implement countermeasures, which would result in the loss of critical intelligence information relied upon by national policymakers and the IC.

(43)     As described above, acknowledging the existence or non-existence of records responsive to Plaintiff's request could reasonably be expected to reveal classified national security information.   Thus, the requested information, if it existed, would pertain to "intelligence sources and methods," and must therefore be "protect[ed] . . . from unauthorized disclosure."  50 U.S.C. § 3024(i)(1).

(44)     Accordingly, the National Security Act, in conjunction with Exemption (b)(3), provides an additional and independent basis for the FBI's *Glomar* response to Plaintiff's request.

***

## CONCLUSION

(45)     The FBI can neither confirm nor deny whether it possesses records responsive to Items 2 and 3 of Plaintiff's request, pursuant to FOIA Exemptions 1 and 3, 5 U.S.C. § 552 (b)(1) and (b)(3) because merely confirming or denying the existence of such records would reveal classified information and intelligence sources and methods information prohibited from disclosure by statute.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct, and Exhibits A through D attached hereto are true and correct copies.

Executed this ____ day of August, 2019.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA and COMMITTEE TO PROTECT JOURNALISTS, <br><br> Plaintiffs, <br><br> v. <br><br> CENTRAL INTELLIGENCE AGENCY, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) |

Civ. A. No. 1:18-cv-02709 (TNM)

# EXHIBIT A



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

November 28, 2018

MS. AVI ASHER-SCHAPIRO
THE COMMITTEE TO PROTECT JOURNALISTS
NUMBER 11
330 7TH AVENUE
NEW YORK, NY 10001

FOIPA Request No.: 1422759-000
Subject: KHASHOGGI, JAMAL AHAMD

Dear Ms. Asher-Schapiro:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI.   Below you will find check boxes and informational paragraphs about your request, as well as specific determinations required by these statutes.   Please read each one carefully.

☑  Your request has been received at FBI Headquarters for processing.

☐  Your request has been received at the _____ Resident Agency / _____ Field Office and forwarded to FBI Headquarters for processing.

☑  You submitted your request via the FBI's eFOIPA system.

   ☑  We have reviewed your request. Consistent with the FBI eFOIPA terms of service, future correspondence about your FOIA request will be provided in an email link.

   ☐  We have reviewed your request. Consistent with the FBI eFOIPA terms of service, future correspondence about your FOIPA request will be sent through standard mail.

☐  The subject of your request is currently being processed and documents will be released to you upon completion.

☐  Release of responsive records will be posted to the FBI's electronic FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

☑  Your request for a public interest fee waiver is under consideration, and you will be advised of the decision at a later date.   If your fee waiver is not granted, you will be responsible for applicable fees per your designated requester fee category below.

☑  For the purpose of assessing any fees, we have determined:

   ☐  As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

   ☑  As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

   ☐  As a general (all others) requester, you will be charged applicable search and

duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIPA Status** and entering your FOIPA Request Number.   Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update.   If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following web site:   https://www.foiaonline.gov/foiaonline/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
    Dissemination Section
Information Management Division

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA and COMMITTEE TO PROTECT JOURNALISTS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civ. A. No. 1:18-cv-02709 (TNM) |
| CENTRAL INTELLIGENCE AGENCY, *et al.*, | ) ) | |
| Defendants. | ) ) | |

# EXHIBIT B



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

November 28, 2018

MS. AVI ASHER-SCHAPIRO
THE COMMITTEE TO PROTECT JOURNALISTS
NUMBER 11
330 7TH AVENUE
NEW YORK, NY 10001

FOIPA Request No.: 1422759-000
Subject: KHASHOGGI, JAMAL AHAMD

Dear Ms. Asher-Schapiro:

This is in reference to your letter to the FBI, in which you requested expedited processing for the above-referenced Freedom of Information/Privacy Acts (FOIPA) request.   Under Department of Justice (DOJ) standards for expedited processing, it can only be granted in the following situations:

**28 C.F.R. §16.5 (e)(1)(i):** "Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

**28 C.F.R. §16.5 (e)(1)(ii):** "An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."

**28 C.F.R. §16.5 (e)(1)(iii):** "The loss of substantial due process of rights."

**28 C.F.R. §16.5 (e)(1)(iv):** "A matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affects public confidence."

You have not provided enough information concerning the statutory requirements permitting expedition; therefore, your request is denied.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following web site:  https://www.foiaonline.gov/foiaonline/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Information Management Division

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA and COMMITTEE TO PROTECT JOURNALISTS,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL INTELLIGENCE AGENCY, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civ. A. No. 1:18-cv-02709 (TNM)<br>)<br>)<br>)<br>)<br>) |

# EXHIBIT C

**U.S. Department of Justice**



**Federal Bureau of Investigation**
*Washington, D.C. 20535*

March 29, 2019

MR. ADI KAMDAR
KNIGHT FIRST INSTITUTE AT COLUMBIA UNIVERSITY
SUITE 302
475 RIVERSIDE DRIVE
NEW YORK, NY 10115

THE COMMITTEE TO PROTECT JOURNALISTS
C/O MR. TIMOTHY K. BEEKEN
DEBEVOISE & PLIMPTON, LLP
919 THIRD AVENUE
NEW YORK, NY  10022

*Knight First Amendment Institute at Columbia*
*University, et al. v. U.S. Department of Justice, et al.*
Civil Action No. 1:18-cv-02709

FOIPA Request Nos.: 1420624-000 and 1422759-000
Subject: Khashoggi, Jamal

Dear Mr. Kamdar and Mr. Beeken:

    The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a.   Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure.  The appropriate exemptions are noted on the processed pages next to redacted information.   In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions.   An Explanation of Exemptions is enclosed to further explain justification for withheld information.

| **Section 552** | | **Section 552a** |
|---|---|---|
| ☑ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| 50 USC § 3024(i)(1) | ☐ (b)(7)(D) | ☐ (k)(2) |
| | ☑ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

    33 pages were reviewed and 32 pages are being released.

    Below you will also find additional informational paragraphs about your request.   Where applicable, checked boxes are used to provide you with more information about the processing of your request.   Please read each item carefully.

⌐  Document(s) were located which originated with, or contained information concerning, other
   Government Agency (ies) [OGA].

   ⌐  This information has been referred to the OGA(s) for review and direct response to you.
   ⌐  We are consulting with another agency.   The FBI will correspond with you regarding this information
      when the consultation is completed.

⌐
   In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act
   exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the
   existence of your subject's name on any watch lists.

   For your information, Congress excluded three discrete categories of law enforcement and national security
records from the requirements of the Freedom of Information Act (FOIA).   See 5 U.S. C. § 552(c) (2006 & Supp. IV
(2010).   This response is limited to those records subject to the requirements of the FOIA.   This is a standard
notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do
not, exist. Enclosed for your information is a copy of the Explanation of Exemptions.

   Please direct any further inquiries about this case to the Attorney representing the Government in this
matter.   Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries
concerning your request.

☑  See additional information which follows.

                                             Sincerely,

                                             David M. Hardy
                                             Section Chief
                                             Record/Information
                                               Dissemination Section
                                             Information Management Division

Enclosure(s)

   The enclosed documents, Bates-numbered FBI 18-cv-02709-1 thru FBI 18-cv-02709-33, represent the FBI's
final release of information responsive to Item 1 of your Freedom of Information/Privacy Acts (FOIPA) requests and
subsequent civil action case pending in the U.S. District Court for the District of Columbia.

   In response to Items 2 and 3 of your records requested, the FBI is a criminal law enforcement agency as
well as an intelligence agency.   The records located, processed and released to you pertain to the FBI's criminal  law
enforcement mission and functions.   In its capacity as an intelligence agency, the FBI compiles records while
carrying out its responsibilities to investigate threats to national security and gather foreign intelligence. The nature of
your request implicates records the FBI may or may not compile pursuant to these national security and foreign
intelligence missions and functions.   Accordingly, the FBI cannot confirm or deny the existence of any records about
your subject as the mere acknowledgment of such records existence or nonexistence would in and of itself trigger
harm to national security interests per Exemption (b)(1) and/or reveal intelligence sources and methods per
Exemption (b)(3); 50 U.S.C. § 3024(i)(1).

   It is unnecessary to adjudicate your requests for a fee waiver as no responsive main files were located. This
material is being provided to you at no charge.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA and COMMITTEE TO PROTECT JOURNALISTS, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civ. A. No. 1:18-cv-02709 (TNM) ) |
| CENTRAL INTELLIGENCE AGENCY, *et al.*, | ) ) |
| Defendants. | ) ) |

# EXHIBIT D

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

May 14, 2019

MR. ADI KAMDAR
KNIGHT FIRST INSTITUTE AT COLUMBIA UNIVERSITY
SUITE 302
475 RIVERSIDE DRIVE
NEW YORK, NY 10115

THE COMMITTEE TO PROTECT JOURNALISTS
C/O MR. TIMOTHY K. BEEKEN
DEBEVOISE & PLIMPTON, LLP
919 THIRD AVENUE
NEW YORK, NY 10022

*Knight First Amendment Institute at Columbia
University, et al. v. U.S. Department of Justice, et al.*
Civil Action No. 1:18-cv-02709

FOIPA Request Nos.: 1420624-000 and 1422759-000
Subject: Khashoggi, Jamal

Dear Mr. Kamdar and Mr. Beeken:

In response to Item 1 of your Freedom of Information Act (FOIA) requests and subsequent civil action pending in the U.S. District Court for the District of Columbia, enclosed is one (1) page representing a supplemental release of information.

Upon further review of the responsive records, additional information was able to be segregated for release on Bates-numbered page FBI 18-cv-02709-5.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. The **"Standard Responses to Requests"** section of the Addendum applies to all requests. If the subject of your request is a person, the **"Standard Responses to Requests for Individuals"** section also applies. The **"General Information"** section includes useful information about FBI records. Also enclosed for your reference is the FBI's Explanation of Exemptions.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter. Please use the FOIPA Request Numbers and/or Civil Action Number in all correspondence or inquiries concerning your requests.

Sincerely,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Information Management Division

Enclosures

## FBI FOIPA Addendum

As referenced in our letter, the FBI FOIPA Addendum includes information applicable to your request. **Part 1 of the Addendum includes standard responses that apply to all requests. If you submitted a request regarding yourself or another person, Part 2 includes additional standard responses that apply to requests for individuals. If you have questions regarding the standard responses in Parts 1 or 2, visit the www.fbi.gov/foia website under "Contact Us." Previously mentioned appeal and dispute resolution services are also available. Part 3 includes general information about FBI records that you may find useful.**

**Part 1: Standard Responses to All Requests:   See Below for all Requests**

(i)    **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the Freedom of Information Act (FOIA). *See* 5 U.S. C. § 552(c) (2006 & Supp. IV (2010). FBI responses are limited to those records subject to the requirements of the FOIA. Additional information about the FBI and the FOIPA can be found on the fbi.gov website.

(ii)   **National Security/Intelligence Records**.   The FBI can neither confirm nor deny the existence of national security and foreign intelligence records pursuant to FOIA exemptions (b)(1) and (b)(3) and PA exemption (j)(2) as applicable to requests for records about individuals [5 U.S.C. §§ 552/552a (b)(1), (b3), and (j)(2); 50 U.S.C § 3024(i)(1)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3); 50 USC § 3024(i)(1).   This is a standard response and should not be read to indicate that national security or foreign intelligence records do or do not exist.

**Part 2: Standard Responses to Requests for Individuals:   See Below for all Requests for Individuals**

(i)    **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)   **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E) and (b)(7)(F) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)]. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)    **Record Searches.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching those systems or locations where responsive records would reasonably be found. Most requests are satisfied by searching the Central Record System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled and maintained by the FBI in the course of fulfilling its dual law enforcement and intelligence mission as well as the performance of agency administrative and personnel functions. The CRS spans the entire FBI organization and encompasses the records of FBI Headquarters ("FBIHQ"), FBI Field Offices, and FBI Legal Attaché Offices ("Legats") worldwide. A CRS search includes Electronic Surveillance (ELSUR) records.

(ii)   **FBI Records**
Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)  **Requests for Criminal History Records or "Rap Sheets."**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks –often referred to as a criminal history record or "rap sheets."   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

(iv)   **The National Name Check Program (NNCP).**   The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.   Please be advised that this is a service provided to other federal agencies. Private citizens cannot request a name check.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ