# EXHIBIT 4

Case 1:19-cv-01329-PAE Document 27 Filed 04/15/19 Page 2 of 5



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 15, 2019

**BY ECF**
Honorable Paul A. Engelmayer
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Open Society Justice Initiative v. Central Intelligence Agency, et al.*,
               No. 19 Civ. 234 (PAE) (BCM)
               *Open Society Justice Initiative v. Department of Justice, et al.*,
               No. 19 Civ. 1329 (PAE) (BCM)

Dear Judge Engelmayer:

      This Office represents the federal agencies (together, the "government") named as defendants in the two above-captioned actions, which have been consolidated. Consistent with the Court's order, ECF No. 25. We write jointly with Plaintiff in advance of the initial conference set for Friday, April 19, 2019.[1]

      **Summary of the action.** As consolidated, this is an action under the Freedom of Information Act (FOIA) seeking records from seven agencies relating to "the killing of U.S. resident Jamal Khashoggi in response to Plaintiff's properly filed FOIA requests." Complaint (ECF No. 1) ¶ 1.

      **Parties' conferral; schedule.** The Court has ordered that the parties prepare a civil case management plan and scheduling order consistent with the Court's individual rules. We respectfully request that we be relieved of this obligation. Because this is a FOIA action, it is not generally subject to civil discovery. Instead, this case will be resolved either through the parties' agreement, or by the submission of cross-motions for summary judgment on the basis of agency declarations. *Carney v. DOJ*, 19 F.3d 807, 812 (2d Cir. 1994). Accordingly, most of the fields in the proposed case management plan are not relevant to this case.[2] Instead, the parties respectfully provide the following information.

---

[1] The Court previously granted the parties' joint request to consolidate these matters. *See* ECF Nos. 22, 23 in No. 19 Civ. 234. For the convenience of the parties and the Court, the parties further respectfully request that the Court maintain a single electronic docket under No. 19 Civ. 234 for all future filings.

[2] The Court's Civil Case Management Plan and Scheduling Order asks whether the parties consent to conducting all further proceedings before a United States Magistrate Judge. The parties at this time do not consent to conducting all further proceedings before a United States Magistrate Judge.

Honorable Paul A. Engelmayer                                                                                Page 2
April 15, 2019

      <u>Government's position</u>: The government's proposed timeline of each agency's response to the requests follows:

- NSA has started a search, and anticipates completing it by April 30.
- ODNI has started a search, and anticipates completing it by May 10.
- DOJ has started a search. A portion of the search is complete. DOJ estimates the remainder of the search will be complete by June 21.
- CIA has started a search, and anticipates completing it by May 10.
- DOD has started a search, and anticipates completing it by May 30.
- Over the past several weeks, State has conducted limited test searches to determine how best to design its search, and the parties have conferred in an effort to design a search that will not be unreasonably burdensome. Based on these discussions, on Friday, April 12, plaintiff proposed a narrowing of its request to State. State is now formulating a search based on this narrowing; however, some testing and further discussion between the parties is required before State's search can be finalized. Because the search is not yet finalized, an estimated time for completing the narrowed search is not yet available.
- FBI has completed a search within certain records of its Office of Public Affairs and Office of Congressional Affairs; this search yielded no responsive records. As to other records systems, FBI intends to assert a Glomar response, because the fact of whether or not responsive records exist is itself exempt pursuant to FOIA exemptions 1, 3, 7(A), and 7(E).

It is possible that some additional time could be needed for supplemental searches if the results of an agency's initial search indicates further searches are warranted. After the agencies' (other than FBI's) respective searches are complete and the agencies have information about the volume and nature of potentially responsive records, they will be in a position to propose schedules for processing and production of non-exempt responsive records.

      In response to Plaintiff's position, below, Plaintiff's requests—which seek "all records relating to the killing of U.S. resident Jamal Khashoggi"—are extremely broad. Accordingly, and at the request of the defendant agencies, this Office has asked Plaintiff to narrow or further refine its requests. While Plaintiff has purported to narrow the request by excluding records that are already public and limiting the request to records created on or after October 1, 2018 (and has further narrowed with respect to State), the requests nevertheless seek sensitive information that present unique complications for response, including with respect to searching. Given the breadth and nature of the request, the proposed timetables above are reasonable.[3]

---

[3] The government contends that FOIA's 20-working-day statutory deadline addresses only whether Plaintiff can bring its suit to Court—which they have already done here. Thus, FOIA's 20-working-day time period does not create a deadline for production. *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180, 189-90 (D.C. Cir. 2013). Rather, "if the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court." *Id.*; *see also Nat'l Day Laborer Org. Network v. United States Immigration & Customs Enf't*, 236 F. Supp. 3d 810, 814-15 (S.D.N.Y. 2017). Further, to the extent Plaintiff seeks expedited processing, and even if Plaintiff can satisfy the criteria, the only consequence would be a reasonably feasible production schedule—exactly what the agencies have proposed here.

   Plaintiff's position:  Plaintiff objects to the government's proposed timeline.[4] The FOIA requests – which relate to a matter of extraordinary public interest[5] – were submitted on December 4, 2018, along with requests for expedited processing. It has now been 133 days since the requests were filed, with all Defendant agencies failing to provide a determination as required under FOIA. The government's proposed schedule takes far too long for conducting searches and does not provide dates certain by which the agencies will provide final responses. Significantly, the Justice Department will take 200 days from the filing of the request to complete its search, and the State Department has not even provided a date by which it will complete its search.[6] The government's position is untenable especially in light of the fact that FOIA expressly contemplates that agencies will provide their determinations on a FOIA request within 20 days. Plaintiff has repeatedly proposed an appropriate processing deadline to no avail, and have narrowed the request three times with respect to the State Department to facilitate the timely processing of responsive records. The government has not demonstrated "exceptional circumstances" – or even sensitive information that present unique complications for response – justifying its proposed schedule. *See* 5 U.S.C. § 552(a)(6)(C)(i).[7]

   **Contemplated motions.**  Plaintiff submits that the government's schedule unsupportable under FOIA and violates Plaintiff's entitlement to expedited processing of its request. If timing issues cannot be resolved at or before the status conference, Plaintiff believes that motion practice will be necessary to address the government's failure to comply with statutory deadlines for responding to Plaintiff's requests. The parties anticipate that this matter will ultimately be resolved via cross-motions for summary judgment related to whether the Defendant federal agencies properly withheld information requested by Plaintiff under various FOIA exemptions.

   **Settlement discussions.** While no settlement as such has been discussed or is anticipated in this FOIA case, the parties have discussed whether it may be possible to reach an agreement to narrow plaintiff's requests in part and to agree on search and production schedules. Those discussions have not successfully resolved Plaintiff's concerns about timing.

---

[4] Plaintiff on Feb. 21 agreed to limit its request to records created on or after Oct. 1, 2018 and to the exclusion of publicly-available records. On April 4, Plaintiff agreed to limit the units within the Department to be searched. On April 12, Plaintiff agreed to limit its request to *substantive* records related to (i) the factual circumstances of and individuals responsible for Jamal Khashoggi's killing and (ii) accountability for the killing. Plaintiff also agreed to the use of search terms Khashoggi" and "kill!/murder!/death/die!/dead/assassinat!" in an effort to further limit the number of responsive documents.

[5] Since the requests were filed, Jamal Khashoggi's murder has been the subject of intense public and Congressional debate, and Congress – like Plaintiff – continues to seek information about the murder.  For example, on April 11, 2019, Senator Merkley introduced S.Res.169, seeking information from Defendants about the incident. https://www.merkley.senate.gov/news/press-releases/merkley-colleagues-introduce-resolution-demanding-accountability-for-saudi-human-rights-abuses-2019.

[6] Some defendant agencies were impacted by the government shutdown during this time.

[7] Defendants in FN3 cite *Nat'l Day Laborer Org. Network*, 236 F. Supp. at 814-15 for the point that the only remedy for an agency missing the 20-day deadline is that plaintiffs may go to court. The next sentence in that opinion explains that the Court may only extend the deadline if the agency is able to demonstrate "exceptional circumstances." Nor is it true that Defendants' denial of expedited processing is without consequence.

Honorable Paul A. Engelmayer  Page 4
April 15, 2019

    We thank the Court for its consideration of these requests.

                                       Respectfully submitted,

| | |
|---|---|
| By: /s/ *David Sandler* | GEOFFREY S. BERMAN |
| Catherine Amirfar | United States Attorney for the |
| (camirfar@debevoise.com) | Southern District of New York |
| David Sandler | |
| (dsandler@debevoise.com) | By: /s/ *Natasha Teleanu* |
| Ashika Singh | PETER ARONOFF |
| (asingh@debevoise.com) | NATASHA TELEANU |
| DEBEVOISE & PLIMPTON LLP | Assistant United States Attorneys |
| 919 Third Avenue | Telephone: (212) 637-2697/2528 |
| New York, New York 10022 | Facsimile: (212) 637-2717 |
| Tel.: (212) 909-6000 | E-mail: peter.aronoff@usdoj.gov |
| |        natasha.teleanu@usdoj.gov |
| Amrit Singh | |
| James A. Goldston | *Counsel for defendants* |
| OPEN SOCIETY JUSTICE INITIATIVE | |
| 224 West 57th Street | |
| New York, New York 10019 | |
| Tel.: (212) 548-0600 | |
| | |
| *Counsel for Plaintiff* | |